UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRENDA PERDUE              )
                           )   Case Number
        Plaintiff          )
                           )
    vs.                    )   CIVIL COMPLAINT
                           )
REGIONAL ADJUSTMENT        )
BUREAU, INC.               )   JURY TRIAL DEMANDED
                           )
        Defendant          )
                           )

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Brenda Perdue, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Brenda Perdue, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Brenda Perdue, is an adult natural person residing at 208 Mini Farm Road, Bonneau SC 29431.

5. Defendant, Regional Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania with a principal place of business located at 3310 Keller Springs Road, Suite 120, Carrollton TX 75006 and a registered office located at 2704 Commerce Drive, Harrisburg PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around the middle of October 2008, Plaintiff began to receive a barrage of abusive telephone calls at work from Defendant's agents, including but not limited to Brenda Richardson, West McDonald, Teresa Woodfield and Lynn Russell, in regards to an alleged consumer debt, namely a Capital One credit card.

8. In or around the end of October 2008, Plaintiff agreed to a payment arrangement of $50.00 twice per month, not bi-weekly.

9.  The initial $50.00 payment was electronically debited from Plaintiff's bank account on or about November 3, 2008. See copy of Plaintiff's bank statement appended hereto and marked "**EXHIBIT A**".

10. Plaintiff continued to receive calls at work from Defendant's agent, Brenda Richardson.

11. Subsequently a $50.00 payment was electronically debited on or about November 17, 2008. See "**EXHIBIT A**".

12. Plaintiff continued to receive calls at work from Defendant's agent, Brenda Richardson.

13. Subsequently, a $50.00 payment was electronically debited on or about December 1, 2008. See "**EXHIBIT A**".

14. Plaintiff continued to receive calls at work from Defendant's agent, Brenda Richardson.

15. Subsequently, a $50.00 payment was electronically debited on or about December 15, 2008. See "**EXHIBIT A**".

16. Plaintiff continued to receive calls at work from Defendant's agent, Brenda Richardson.

17. On or about December 29, 2009, Defendant electronically debited a $50.00 payment from Plaintiff's bank account. This transaction was not authorized by Plaintiff. See "**EXHIBIT A**".

18. Defendant did not electronically debit Plaintiff's bank account in mid January 2009.

19. Defendant's agent, Brenda Richardson began to call Plaintiff at work 2-3 times per day, demanding that Plaintiff pay a larger amount per month.

20. Plaintiff repeatedly explained that she was unable to do so and asked that Ms. Richardson not call her at work anymore.

21. Defendant's agent, Brenda Richardson ignored Plaintiff's foregoing request and instead became more belligerent, telling Plaintiff to borrow the money or Defendant would "proceed forward".

22. The constant daily phone calls continued. Plaintiff asked to speak to a supervisor and was transferred to Defendant's agent, West McDonald. Plaintiff stated to Mr. McDonald that she could not continue to receive Ms. Richardson's calls at work.

23. In or around the beginning of February 2009, Defendant's agent, Brenda Richardson called Plaintiff's home and spoke to Plaintiff's grand-daughter. Plaintiff's grand-daughter explained that Plaintiff was in the shower. Ms. Richardson indicated that Plaintiff's grand-daughter was lying and that she could hear Plaintiff in the background.

24. On or about February 3, 2009, Defendant resumed electronically debiting $50.00 from Plaintiff's bank account. See "**EXHIBIT A**".

25. Defendant's agent, Brenda Richardson continued to call Plaintiff at work at least 2-3 times in the month of February 2009.

26. On or about February 10, 2009, Defendant electronically debited a $100.00 from Plaintiff's bank account. This transaction was not authorized by Plaintiff. See "**EXHIBIT A**".

27. Subsequently, on or about February 12, 2009, Defendant electronically debited another payment from Plaintiff's account in the amount of $50.00, merely 2 days after the prior debit. See "**EXHIBIT A**".

28. Defendant's agent, Brenda Richardson continued to call Plaintiff at work at least 2-3 times in the month of March 2009.

29. On or about March 23, 2009, Defendant electronically debited a $300.00 payment. This transaction was not authorized by Plaintiff. See "**EXHIBIT A**".

30. Defendant's agent, Brenda Richardson continued to call Plaintiff at work at least 2-3 times in the month of April 2009.

31. In or around the end of April 2009, Plaintiff again asked Ms. Richardson not to call her at work and stated that she could not make another payment for at least 4 weeks.

32. On or around May 1, 2009, Defendant's agent, Brenda Richardson once again called Plaintiff at work. Plaintiff stated, "I thought I told you not to contact me at work." Ms. Richardson replied, "Who do you think you are talking to me like that?"

33. On or about June 11, 2009, Defendant's agent, Lynn Russell began to call Plaintiff at work and leave messages for Plaintiff.

34. On or about June 26, 2009, Plaintiff told Ms. Russell that she had repeatedly requested Defendant not contact her at work. Defendant's agent, Ms. Russell replied that she had not been informed of this.

35. Plaintiff has never received written confirmation of the payment arrangement nor has she received subsequent notices of intent to electronically debit her

bank account. In fact, to date, Plaintiff has never received anything in writing from Defendant.

36. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

37. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

38. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

39. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

40. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

41. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

42. The above paragraphs are hereby incorporated herein by reference.

43. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

44. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692c(a)(1), c(a)(3), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), f, f(1), f(2), f(4), f(5) and g.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Regional Adjustment Bureau, Inc., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: June 29, 2009        BY:        /s/ Brent F. Vullings
                                      Brent F. Vullings, Esquire
                                      Warren & Vullings, LLP
                                      1603 Rhawn Street
                                      Philadelphia, PA  19111
                                      215-745-9800   Fax 215-745-7880
                                      Attorney for Plaintiff